IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.*<br>MATTHEW P. DENN,<br>Attorney General of the State of Delaware,<br><br>                    Plaintiff,<br><br>      v.<br><br>PURDUE PHARMA L.P.,<br>PURDUE PHARMA INC.,<br>THE PURDUE FREDERICK COMPANY,<br>ENDO HEALTH SOLUTIONS INC.,<br>ENDO PHARMACEUTICALS INC.,<br>MCKESSON CORPORATION,<br>CARDINAL HEALTH, INC.,<br>AMERISOURCEBERGEN CORPORATION,<br>ANDA PHARAMACEUTICALS, INC.,<br>H.D. SMITH, LLC,<br>CVS HEALTH CORPORATION, and<br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>                    Defendants. | Civil Action No. 1:18-383-RGA |

### MEMORANDUM

Plaintiff, State of Delaware, originally filed this suit in the Superior Court of the State of Delaware against manufacturers, distributors, and pharmacy retailers of prescription opioids, alleging state common law claims for their roles in Delaware's opioid crisis. (D.I. 8 at 1-2). Plaintiff asserted five claims against Defendant McKesson Corporation complaining of over-distribution of prescription opioids into Delaware, including Consumer Fraud ("Count V"), Public Nuisance ("Count VI"), Negligence ("Count VII"), Unjust Enrichment ("Count VIII"), and Civil Conspiracy ("Count IX"). (D.I. 1 at 2). McKesson filed a notice of removal to this Court, asserting this Court has federal question jurisdiction. (*Id.* at 4). McKesson asserts

1

Plaintiff's claims "aris[e] solely [from duties] under the [F]ederal Controlled Substances Act" ("FCSA"). (D.I. 25 at 1).

Presently before the Court is Plaintiff's Motion to Remand for lack of federal subject matter jurisdiction. (D.I. 4). The issues have been fully briefed. (D.I. 8, 25, 27). For the reasons set forth below, Plaintiff's Motion is GRANTED, and this action will be remanded to Superior Court.

## I. BACKGROUND

Plaintiff filed this action against Defendants in Superior Court of the State of Delaware on January 19, 2018.[1] (D.I. 1-1 at p. 10). Plaintiff alleges that Defendants created and fueled Delaware's opioid crisis by, among other things, violating both the Delaware Controlled Substances Act and the Federal Controlled Substances Act. Plaintiff alleges McKesson diverted prescription opioids to an illegitimate channel, filled suspicious orders of opioids, and allowed opioids to be lost or stolen from inventory. (*Id.* at 19). Plaintiff alleges only state law claims based on theories of consumer fraud, nuisance, negligence, unjust enrichment, and civil conspiracy against McKesson.[2] (*Id.* at 114-27). Nonetheless, on March 9, 2018, McKesson filed

---

[1] Plaintiff asserts claims alleging consumer fraud, public nuisance, negligence, and unjust enrichment against "Manufacturer Defendants" in Counts I-IV. (D.I. 1-1 at p. 105-14). Plaintiff asserts similar claims against "Distributor Defendants" (including McKesson) and the "Pharmacy Defendants" in Counts V-VIII. (*Id.* at 114-25). Plaintiff asserts a claim against all Defendants alleging civil conspiracy in Count IX. (*Id.* at 125-27). McKesson does not rely upon any claims other than the ones brought against it.

[2] McKesson does not argue that unjust enrichment raises a federal question. (D.I. 25 at 7). Thus, I will only discuss Counts V, VI, VII, and IX.

2

a notice of removal and asserted this Court has federal question jurisdiction pursuant to the FCSA. (D.I. 1 at 4). Plaintiff filed a motion for remand on March 13, 2018. (D.I. 4).

## II. LEGAL STANDARD

Section 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed in federal court, then removal under §1441 is improper and remand is appropriate. *Id.* Removal jurisdiction should be strictly construed against removal, and "all doubts [should] be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The party seeking removal bears the burden of demonstrating that removal is proper. *Id.*

To remove this case to federal district court, McKesson must establish that this Court has "original jurisdiction" due to the action "arising under" federal law.[3] 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Kline*, 386 F.3d at 251. This Court has federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[3] This case turns on whether there is federal question jurisdiction pursuant to § 1331. McKesson does not argue for jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (D.I. 1 at 4).

3

The "arising under" standard can implicate federal jurisdiction when "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Alternatively, some state law claims can implicate federal jurisdiction when they "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). These cases are exemplary and constitute a "special and small category" of federal question jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). To determine whether a state-law claim implicates federal question jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 545 U.S. at 314. But, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

## III. DISCUSSION

Plaintiff's Motion to Remand is granted because McKesson fails to show that Plaintiff's state law claims implicate federal jurisdiction. Because there is no dispute that Plaintiff's claims arise under state law, McKesson must show that a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods.*, 545 U.S. at 314.

### A. Necessarily Raised

A federal issue is "necessarily raised" when "vindication of a right under state law must necessarily turn on some construction of federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (alterations omitted), *aff'd*, 136 S. Ct. 1562

4

(2016); *see Grable & Sons Metal Prods.*, 545 U.S. at 310-12 (quiet title claim alleging IRS failed to give adequate notice as defined by federal law). An example of a state claim necessarily raising a federal issue occurs when the determination of federal law is an essential element of the plaintiff's state law claim. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921) (state law claims to forbid the defendant from investing in illegal securities where the source of illegality was that the federal bonds were issued unconstitutionally).

In this case, McKesson asserts that Plaintiff's claims are "affirmatively premised" on Defendants' violations of the FCSA. (D.I. 25 at 11). Thus, argues McKesson, federal issues are necessarily raised. (*Id.*). Specifically, McKesson notes that the claims are based on Defendants' failure to monitor for, report, and halt suspicious orders for prescription opioids, which are duties that arise under the FCSA. (*Id.*). Although a determination of whether Defendants violated the FCSA may occur while addressing Plaintiff's claims, there is also the possibility that the claims will be resolved without resolution of the federal issue at all. Based on the complaint, it is possible for the state law claims to be resolved solely under state law. *See Manning*, 772 F.3d at 163 ("We conclude it was improper for the District Court to foreclose the possibility that particular state causes of action could permit recovery solely under state law."). Although the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law. (D.I. 1-1).

Specifically, in Count V, Plaintiff asserts that Distributor and Pharmacy Defendants "misrepresented material facts [or] suppressed, concealed, or omitted material facts with the intent that consumers will rely thereon." (D.I. 1-1 at p. 114). McKesson asserts that the claim is based on federal law because Count V states Defendants "have violated Delaware and Federal

5

laws and regulations by . . . habitually filling suspicious or invalid orders for prescription opioids . . . and failing to operate a system to disclose suspicious orders of controlled substances." (D.I. 25 at 7; D.I. 1-1 at p. 115). Count V, however, makes reference to far more than McKesson draws attention to. In Count V, Plaintiff proffers one theory that makes reference to federal law, but Plaintiff also asserts five other theories by which Defendants misrepresented or concealed facts, each of which is unrelated to federal law. Most importantly, Count V asserts that Defendants' misrepresentations and concealed facts constitute violations of § 2513(a) of the Delaware Consumer Fraud Act. (D.I. 1-1 at p. 116). Although Plaintiff asserts Defendants violated the Delaware Consumer Fraud Act by misrepresenting their alleged violations of federal law, Defendants may be found to have violated the Delaware Consumer Fraud Act on any of the other five theories Plaintiff asserted in the complaint. *See Manning*, 772 F.3d at 164 (noting no federal question is necessarily raised where plaintiff could prevail on state claims without the need to prove or establish a violation of federal law despite alleging both federal and state violations). The federal issue of whether Defendants misrepresented their compliance or violation of federal laws is not necessarily raised if Plaintiff's claim may proceed solely under one of the many state law theories Plaintiff asserted. For example, "[d]efendants . . . misrepresented or concealed material facts that they . . . have failed to implement effective business practices to guard against diversion of highly-addictive opioid products." (D.I. 1-1 at p. 114-15).

In Count VI, Plaintiff asserts a public nuisance claim alleging Defendants unreasonably interfered with "the common rights of the public" by distributing prescription opioids to unauthorized users in Delaware. (*Id.* at 116-17). McKesson asserts that this claim cannot be addressed without determining whether Defendants violated the FCSA regarding the reporting of

6

"suspicious orders." (D.I. 25 at 12). Much like Count V, however, Plaintiff may prevail on this claim by showing Defendants violated the Delaware Controlled Substances Act ("DCSA"). *See* 16 Del. C. § 4735(b)(1)-(2) (requiring distributors to maintain "effective controls against diversion [into illegitimate] channels"). The DCSA requirements, although not as robust as FCSA requirements, are likely broad enough to encompass the allegations in the complaint and may avoid addressing the federal statute.[4] Even more relevant, McKesson noted that Plaintiff must show that Defendants acted unreasonably or unlawfully, and based on Plaintiff's other allegations in Count VI, it is possible for Plaintiff to show Defendants acted unreasonably without reference to the FCSA. (D.I. 25 at 12; D.I. 1-1 at p. 116-20).

McKesson does not directly address whether Counts VII and IX necessarily raise federal issues (D.I. 25 at 10-12), but the analysis is essentially the same. Plaintiff alleges Defendants' conduct fell below the standard of care due to Defendants' violation of the FCSA and failure to report suspicious orders of prescription opioids. (D.I. 1-1 at p. 121). Although Plaintiff again references federal law in the claims, Plaintiff notes other standards of care, without reference to federal law, which Defendants' conduct may fall below. Even if the violation of a federal statute was an element of the state law negligence claim, "a complaint alleging a violation of a federal statute as an element of a state cause of action . . . does not state a claim 'arising under the Constitution, laws, or treaties of the United States." *Merrell Dow*, 478 U.S. at 817 (holding state law claim using violation of federal law as negligence *per se* insufficient to invoke federal

---

[4] Although McKesson asserts that the requirement of reporting and halting suspicious orders is not found in the DCSA, the state court should be the court to make the determination of the reach of its law. *Manning*, 772 F.3d at 163 (citing *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986)).

7

question jurisdiction). Because the claims do not rely solely on Defendants' violations of federal law, but rather rely on multiple alternative theories, I find that the federal issues in this case are not necessarily raised.[5]

## B. Actually Disputed

The parties disagree as to the meaning of "actually disputed." (D.I. 8 at 12; D.I. 25 at 12-13). Under the circumstances, I do not need to resolve the dispute, and will decline to do so.

## C. Substantiality

Even assuming both that a federal issue is necessarily raised and that it is actually disputed, the claims in this case do not meet the substantiality requirement. Federal issues must be significant "to the federal system as a whole." *Gunn*, 568 U.S. at 260. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." *Id.* "[S]omething more, demonstrating that the question is significant to the federal system as a whole, is needed." *Id.* at 264.

The determination of whether Defendants violated the FCSA is not substantial to the government as a whole. Most importantly, the parties do not seek to interpret the FCSA such that it affects the manner in which the government operates. This is unlike the case in *Grable & Sons*, where the parties sought to determine the meaning of "notice," which would substantially affect the way in which the IRS operated in satisfying its claims for delinquency. 545 U.S. at 315. Rather, the federal issues in this case will be substantial only to the parties. The outcome will not necessarily be dispositive of Plaintiff's claims and will not be controlling in any other

---

[5] This result is not surprising. As the Court of Appeals has noted, "[o]nly a 'slim category' of cases satisfy the *Grable* test." *Manning*, 772 F.3d at 163.

8

case, as it will involve a factual determination relating to Defendants' conduct. *See Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700 (noting that *Grable & Sons* was substantial because its resolution "would be controlling in numerous other cases"). The federal issues here are not a result of "the action of any federal department, agency, or service" but are a result of determining whether Defendants acted negligently or engaged in consumer fraud, nuisance, or civil conspiracy. *See id.*

Plaintiff argues that the absence of a federal cause of action in the FCSA precludes a finding of substantiality in this case. (D.I. 8 at 13-14). I disagree with Plaintiff on this point. As McKesson argues, a federal cause of action is not required to implicate federal question jurisdiction, and some federal issues may be sufficiently substantial despite the lack of a federal cause of action. *See Grable & Sons Metal Prods.*, 545 U.S. at 318 ("[T]he absence of a federal private right of action [i]s evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires.").

Nevertheless, the federal issues in this case—whether Distributor Defendants violated the FCSA—are not sufficiently substantial to the federal government as a whole. Much like the case in *Merrell Dow*, the absence of a federal cause of action weighs heavily in favor of remanding a state cause of action to state court. "[I]t would . . . flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of [a] federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law." *Merrell Dow Pharm. Inc.*, 478 U.S. at 812. Thus, without more, the federal issues in this case are not sufficiently substantial to give rise to federal question jurisdiction.

9

### D. Federal and State Balance

Plaintiff's state law claims cannot be entertained without disrupting the division of labor between state and federal courts. A federal court may entertain a state cause of action under federal question jurisdiction if it can do so "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 545 U.S. at 314. Entertaining a claim would disrupt the congressionally-approved federal and state balance if it would lead to a "horde of original filings and removal cases raising other state claims with embedded federal issues." *Id.* at 318. Thus, in exercising jurisdiction over historically state cases, a court must be aware of the potential shift of state cases into federal courts. *See id.* at 319.

In this case, the federal issues are merely elements of state common law claims. As stated in *Grable & Sons*, "if the [FCSA] standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action." *Id.* at 318. This concern created the distinction between *Merrell Dow* and *Grable & Sons*. Here, much like *Merrell Dow*, entertaining "garden variety" state law tort claims resting on federal statutory violations, such as negligence and fraud, could lead to a flood of state law claims entering federal courts and could disturb congressional intent regarding federal question jurisdiction in § 1331. *See Merrell Dow Pharm.*, 478 U.S. at 812. Considering this potential threat to the structural division of labor between state and federal courts, in addition to the absence of a federal cause of action, it is "improbable that the Congress . . . would have meant to welcome any state-law tort case implicating federal law" merely because the federal statutes create standards of care or elements to causes of action under state law. *Grable & Sons Metal*

10

*Prods.*, 545 U.S. at 319. Thus, the Court cannot entertain Plaintiff's state law claims without disturbing the congressionally-approved division of labor between federal and state courts.

In sum, because I find the federal issues in this case are not necessarily raised, substantial, or possible to entertain without disrupting the congressionally-approved balance between state and federal courts, Plaintiff's state law claims do not "aris[e] under the Constitution, laws, or treaties of the United States" and do not confer federal question jurisdiction pursuant to § 1331.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

An appropriate order will be entered.

*[signature]*
United States District Judge

11